IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD LACY, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID RAINS, )<br>ERICKSON, and )<br>BICKERS )<br>)<br>      Defendants. | Case No. 16−cv−1383−SMY |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

      Plaintiff Reginald Lacy, an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

1

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On April 13, 2016, Plaintiff filed a grievance complaining about how his legal mail was handled. (Doc. 1, p. 6). Unsatisfied with the response, he appealed the grievance to Defendant Rains. *Id.* Plaintiff alleges that Rains sent Defendants Erickson and Bickers to retaliate against him. *Id.* Specifically, on April 22, 2016, Plaintiff received a memorandum from Erickson stating that he was unassigned, meaning that he had been terminated from his library job. *Id.* After filing a grievance, Plaintiff learned he was unassigned due to administrative concerns. (Doc. 1, p. 7).

Plaintiff sent Erickson a request slip on May 3, 2016 asking for a laundry porter job, which paid the same as the library job. *Id.* He received a response stating that he was properly placed as unassigned. *Id.* Plaintiff specifically asked Bickers why he had been unassigned from the library job on May 6, 2016 and Bickers responded that Plaintiff was a troublemaker who liked to file grievances and lawsuits. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

>**Count 1** – Rains, Bickers, and Erickson retaliated against Plaintiff for filing grievances by removing him from his law library job in violation of the First Amendment.

To succeed on a First Amendment Retaliation claim, a plaintiff must prove: 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim.

Here, Plaintiff has alleged that he filed a grievance and within several days of taking that action, he was removed from his prison job.  This raises an inference that the 2 incidents are connected.  He has further alleged that he was not offered another prison job.  The only explanation Plaintiff received was vague "administrative concerns."  The vagueness makes it impossible to eliminate retaliation as a potential motive for the action.  While it is unclear that all three defendants actually participated in the alleged retaliation, at this stage, Plaintiff's claims shall proceed and he will be permitted to develop them further factually.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel shall be referred to Magistrate Judge Reona J. Daly for disposition.  (Doc. 3).

Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as **MOOT**. Plaintiff has been granted leave to proceed in forma pauperis and the Court will affect service for prisoners proceeding IFP. (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that Count 1 against Defendants Rains, Erickson, and Bickers survives threshold review.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Rains, Erickson, and Bickers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document

submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**
