# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD LACY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-1383-SMY-RJD |
| DAVID RAINS, et al, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion to Reconsider In Forma Pauperis Status and Reinstate Case (Doc. 57). For the following reasons, the motion is **DENIED**.

Plaintiff Reginald Lacy filed a civil rights Complaint (Doc. 1) and a Motion for Leave to Proceed in forma pauperis (Doc. 2) on December 22, 2016. In his motion, Lacy represented to the Court that his only anticipated income was $19 per month from his institution job (Doc. 2 at 1). The Court granted Lacy's IFP motion on January 6, 2017 (Doc. 6).

On April 24, 2018, the Court entered an Order finding Lacy's allegations of poverty were untrue, revoking his in forma pauperis status, and granting Defendants' Motion to Dismiss (Doc. 52). Plaintiff now seeks reconsideration of that Order.

While Plaintiff's motion is titled a "Motion to Reconsider," the Federal Rules of Civil Procedure do not actually recognize such a motion. However, motions brought pursuant to Federal Rules of Civil Procedure 59(e) or 60(b) are referred to as motions to reconsider, although Plaintiff has not cited to either of these Rules in his motion.

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698

F.3d 587, 598 (7th Cir.2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996). However, such motions are not appropriate vehicles for re-litigating arguments that the district court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir.2007). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). In contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

In support of his motion, Plaintiff merely re-asserts the arguments he previously made before the Court. He argues that he did not lie in filing his motion to proceed in forma pauperis because he had not yet received the money from his prior settlement. However, as the Court noted in its previous Order, Plaintiff affirmatively represented to the Court that the only income he received in the past twelve months and expected to receive in the future was $19 a month from his institution job. He failed to disclose the settlement funds as a source of money that he

expected to receive in the future and he had a duty to do so. Thus, Plaintiff has not shown that the Court made any manifest errors of law or fact in its earlier decision. Because Plaintiff has not demonstrated a reason for the Court to reconsider its previous ruling on dismissal, his motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: June 18, 2018**

                                                **s/ Staci M. Yandle**
                                                **STACI M. YANDLE**
                                                **United States District Judge**